UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-124-TBR

WADE FARMS, LLC,                                                                           PLAINTIFF

v.

CEED2MED, LLC,                                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Ceed2Med, LLC's Partial Motion to Dismiss for Failure to State a Claim. [DN 14]. Plaintiff Wade Farms, LLC responded, [DN 18], and Defendant replied, [DN 19]. This matter is ripe for adjudication. For the reasons stated herein, Defendant's Partial Motion to Dismiss for Failure to State a Claim, [DN 14], is DENIED.

**BACKGROUND**

According to the Complaint, on February 15, 2019, Wade Farms and Ceed2Med ("C2M") entered a Production, Supply and Distribution Agreement (the "Isolate Agreement") pursuant to which C2M agreed to process hemp biomass supplied by Wade Farms into cannabidiol isolate. [DN 1-1 at 6]. In return, C2M agreed to accept half of the cannabidiol isolate as payment and to purchase the remaining half at a fixed price. *Id.* On February 24, 2019, Wade Farms provided 18,624 pounds of biomass for processing. *Id.* at 7. By June 12, 2019, all of the biomass had been processed into cannabidiol isolate. *Id.* However, Wade Farms claims that C2M failed to pay the amount due under the Isolate Agreement. *Id.* at 7–8.

In addition to the Isolate Agreement, the parties also entered into a Crude Oil Agreement pursuant to which C2M agreed to process hemp biomass supplied by Wade Farms into crude oil. *Id.* at 8. Again, C2M agreed to accept half of the crude oil as payment and to purchase the remaining half at the then-existing market price. *Id.* On March 7, 2019, Wade Farms supplied 447

1

pounds of hemp biomass which was then processed into twenty kilograms of crude oil. *Id.* However, Wade Farm claims that C2M failed to pay the amount due under the Crude Oil Agreement. *Id.* at 9.

Based on the foregoing, Wade Farms filed a Complaint against C2M in Calloway Circuit Court alleging two counts of breach of contract and one count of unjust enrichment. *Id.* at 10–12. C2M filed a notice of removal to this Court on the basis of diversity jurisdiction. [DN 1]. Subsequently, C2M filed a partial motion to dismiss Wade Farms' unjust enrichment claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [DN 14].

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc.,* 552 F.3d at 434 (citing *Great Lakes Steel*, 716 F.2d at 1105). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Iqbal*, 556 U.S at 679. The Court may grant a motion to dismiss "only

if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x. 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–79).

## DISCUSSION

Unjust enrichment "is applicable as a basis of restitution to prevent one person from keeping money or benefits belonging to another." *United Parcel Serv. Co. v. DNJ Logistic Grp., Inc.*, No. 3:16-CV-00609-GNS-DW, 2017 WL 3097531, at *9 (W.D. Ky. July 20, 2017) (quoting *Haeberle v. St. Paul Fire & Marine Ins. Co.*, 769 S.W.2d 64, 67 (Ky. App. 1989)). In an action for unjust enrichment, "a claimant shall be required to prove three elements in each case. First, a benefit must be conferred upon the defendant at the plaintiff's expense. Second, the benefit must result in an appreciation by the defendant. Finally, acceptance of the benefit under circumstances which render its retention, by the defendant without payment of the value thereof, inequitable." *Guarantee Elec. Co. v. Big Rivers Elec. Corp.,* 669 F.Supp. 1371, 1380–81 (W.D. Ky. 1987) (internal citations omitted). The claim for unjust enrichment is a legal fiction created to permit recovery where equity says there should be recovery, although there is no recovery in contract. *Perkins v. Daugherty*, 722 S.W.2d 907, 909 (Ky. Ct. App. 1987).

In this case, C2M argues "the theory of unjust enrichment is unavailable where, as here, express contracts govern the parties' dispute." [DN 14 at 118]. In response, Wade Farms asserts that it would be premature for the Court to dismiss its unjust enrichment claim given that "it has not yet been determined whether there is an enforceable contract between the parties." [DN 18 at 133]. Moreover, Wade Farms notes that C2M "has cast doubt over Wade Farms' alleged Crude Oil Agreement by suggesting that it might not exist." *Id.* (citing DN 9). C2M replied by

emphasizing cases in which courts have dismissed unjust enrichment claims that were premised on the same facts underlying the breach of contract claim. [*See* DN 19 at 136–37].

C2M is "correct that there is little room for unjust enrichment claims when an express contract governs the parties' relationship." *United Parcel Serv. Co.*, 2017 WL 3097531, at \*9. "It is well-settled in Kentucky that '[t]he doctrine of unjust enrichment has no application in a situation where there is an explicit contract which has been performed.'" *Id.* (quoting *Codell Constr. Co. v. Commonwealth*, 566 S.W.2d 161, 165 (Ky. App. 1977) (citation omitted)). Courts routinely dismiss claims for unjust enrichment when they are grounded on a breach of contract claim. *Res-Care, Inc. v. Omega Healthcare Investors, Inc.*, 187 F. Supp. 2d 714, 719 (W.D. Ky. 2001); *Wuliger v. Mfrs. Life Ins. Co. (USA)*, 567 F.3d 787, 799 (6th Cir. 2009) ("Unjust enrichment is an equitable doctrine to justify a quasi-contractual remedy that operates *in the absence of an express contract or a contract implied in fact* to prevent a party from retaining money or benefits that in justice and equity belong to another.") (emphasis in original). However, "this Court has also recognized that in the early stages of litigation, when it has not yet been determined whether there is an enforceable contract between the parties, it is proper for a party to allege claims for unjust enrichment and breach of contract in the alternative." *United Parcel Serv. Co.*, 2017 WL 3097531 at \*9 (citing *Holley Performance Prod., Inc. v. Keystone Auto. Operations, Inc.*, No. 1:09-CV-00053- TBR, 2009 WL 3613735, at \*5 (W.D. Ky. Oct. 29, 2009) (collecting cases)). "Indeed, the Federal Rules of Civil Procedure allow parties to request relief 'in the alternative or different types of relief' and to 'state as many claims or defenses as it has, regardless of consistency.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(3), (d)(3)). Accordingly, since it has not yet been determined whether there is an enforceable contract between the parties, C2M's motion to dismiss Wade Farms' unjust enrichment claim must be denied at this time.

## CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED**: C2M's Partial Motion to Dismiss for Failure to State a Claim, [DN 14], is **DENIED**.

**IT IS SO ORDERED.**

Thomas B. Russell, Senior Judge
United States District Court

March 25, 2020

CC: Attorneys of Record