UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-124-TBR

WADE FARMS, LLC                                                           PLAINTIFF

V.

CEED2MED, LLC                                                            DEFENDANT

## MEMORANDUM OPINION & ORDER

Before the Court is defense counsel's Motion to Withdraw as Counsel, DN 32. Plaintiff responded, DN 33, and defense counsel replied, DN 35. Accordingly, the matter is ripe for adjudication. For the reasons stated below, the motion is **GRANTED**.

### I.   Background

On October 30, 2020, counsel for Defendant Ceed2Med, LLC—the law firm of Stites & Harbison PLLC and its attorneys, Chadwick A. McTighe and Zachary M. VanVactor—filed a motion to withdraw as counsel pursuant to Local Rule 83.6. [DN 32]. The attorneys state that "substantial and good cause exists for their withdrawal as supported by the applicable rules of professional conduct, specifically SCR 3.130 (1.16)." *Id*. at 1.

Plaintiff responded in opposition to the motion. [DN 33]. Plaintiff argues that defense counsel did not make an adequate showing of good cause to withdraw as counsel. *Id*. at 2. Plaintiff also argues that "[s]evere prejudice would result if [Ceed2Med, LLC's] counsel were permitted to withdraw at this time," because deadlines, trial, and potential settlement will be adversely impacted by such withdrawal. *Id*. at 4-6. Plaintiff also argues that if the Court does permit defense counsel to withdraw, the Court should impose conditions. *Id*. at 6. Specifically, Plaintiff asks that defense counsel not be permitted to withdraw until Ceed2Med, LLC has secured replacement counsel, reasoning that LLCs are not allowed to appear in federal court without licensed counsel. *Id*. at 6.

1

Plaintiff requests in the alternative that defense counsel not be allowed to withdraw until fact discovery and mediation are completed. *Id*. at 6-7.

Defense counsel replied, arguing that the motion to withdraw as counsel made an adequate showing of good cause, and "further elaboration" on why good cause for withdrawal existed "would risk unfairly and unnecessarily prejudicing the interests of Ceed2Med in this litigation." [DN 35 at 1-2]. Counsel further stated, "Wade Farms has neither a right to, nor a legitimate interest in, confidential information concerning the attorney-client relationship between Ceed2Med and its counsel." *Id*. at 2. Defense counsel also argues that no severe prejudice would result from withdrawal, because a delay in discovery or trial does not amount to severe prejudice. *Id*. at 2-3.

The Court entered an order directing defense counsel to file an ex parte document under seal further explaining their position that good cause exists for withdraw of counsel. [DN 36]. Defense counsel complied. [DN 38].

## II.   Legal Standards

Local Rule 83.6(b) permits the withdrawal of counsel where "[t]he attorney files a motion, certifies the motion was served on the client, makes a showing of good cause, and the Court consents to the withdrawal on whatever terms the Court chooses to impose." L.R. 83.6(b). "Where an attorney's request satisfies those benchmarks, leave to withdraw should be freely given absent a showing of 'severe prejudice' to a litigant or other third-party." *Seeds v. Sterling Jewelers, Inc.*, NO. 3:17-CV-00718-TBR, 2018 WL 912606, at *1 (W.D. Ky. Feb. 15, 2018) (citing *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009)). Furthermore, this Court has broad discretion to determine whether and under what terms to allow an attorney to withdraw as counsel of record. *Brandon*, 560 F.3d at 537.

## III.   Discussion

The Court finds that there is good cause for withdrawal of defense counsel under Local Rule 83.6(b). Ceed2Med, LLC's counsel have shown that good cause for withdrawal is supported by the applicable rules of professional conduct, and defense counsel have otherwise complied with Local Rule 83.6(b) by certifying that they provided the motion to withdraw to their client. [DN 38]. Although the conclusion of this litigation may be delayed by defense counsel's withdrawal, the Court does not find that the potential resultant delay amounts to severe prejudice.

Considering Stites & Harbison PLLC's withdrawal as counsel for Defendant, the Court will grant Ceed2Med, LLC thirty (30) days during which time it may retain new counsel. This period of time will begin to run upon the publication of this Memorandum Opinion & Order.

## IV.   Conclusion

For the reasons stated herein, **IT IS HEREBY ORDERED**:

1. The Motion to Withdraw as Counsel, DN 32, is **GRANTED**.

2. Ceed2Med, LLC has thirty (30) days from the date of the publication of this Memorandum Opinion & Order to retain new counsel.

3. **A telephonic status conference is set for Monday, March 1, 2021 at 11:30 AM CST**. Counsel and parties must call 1-877-848-7030 then give the Access Code 2523122 and #, then when prompted press # again to join the call.

Thomas B. Russell

**Thomas B. Russell, Senior Judge**
**United States District Court**

January 27, 2021

cc: counsel

Nick Davitian, Esq.
General Counsel, Ceed2Med LLC
nick@ceed2med.com

Nick Davitian, Esq.
General Counsel, Ceed2Med LLC
95 NE 4th Ave.
Delray Beach, FL 33483

Jamie Goldstein
Principal, Ceed2Med, LLC
jamie@ceed2med.com

Ceed2Med, LLC
info@ceed2med.com

Ceed2Med, LLC
121 Commerce Road,
Boynton Beach, Florida 33426

Ceed2Med, LLC
95 NE 4th Ave
Delray Beach, FL 33483

Alejandro Johnson, Registered Agent
121 Commerce Road,
Boynton Beach, Florida 33426

Vladislav Yampolsky, Authorized Person
121 Commerce Road
Boynton Beach, Florida 33426