UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO.: 5:19-cv-124-TBR

**WADE FARMS, LLC,**                                                                     **PLAINTIFF**

v.

**CEED2MED, LLC,**                                                                     **DEFENDANT**

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Plaintiff Wade Farms, LLC's Motion for Entry of Default, Entry of Default Judgment, and Dismissal of Defendant Ceed2Med, LLC's counterclaims. [DN 47]. Defendant Ceed2Med, LLC has not responded, but the time do so has passed. The motion is ripe for adjudication. For the reasons stated below, the motion is **DENIED AS MOOT** in part and **DENIED WITHOUT PREJUDICE** in part.

**I.   Background**

As stated in the Complaint, on February 15, 2019, Wade Farms and Ceed2Med ("C2M") entered a Production, Supply and Distribution Agreement (the "Isolate Agreement") pursuant to which C2M agreed to process hemp biomass supplied by Wade Farms into cannabidiol isolate. [DN 1-1 at 6]. In return, C2M agreed to accept half of the cannabidiol isolate as payment and to purchase the remaining half at a fixed price. *Id.* On February 24, 2019, Wade Farms provided 18,624 pounds of biomass for processing. *Id.* at 7. By June 12, 2019, all of the biomass had been processed into cannabidiol isolate. *Id.* However, Wade Farms claims that C2M failed to pay the amount due under the Isolate Agreement. *Id.* at 7–8.

In addition to the Isolate Agreement, the parties also entered into a Crude Oil Agreement pursuant to which C2M agreed to process hemp biomass supplied by Wade Farms into crude oil. *Id.* at 8. Again, C2M agreed to accept half of the crude oil as payment and to purchase the

1

remaining half at the then-existing market price. *Id.* On March 7, 2019, Wade Farms supplied 447 pounds of hemp biomass which was then processed into twenty kilograms of crude oil. *Id.* However, Wade Farm claims that C2M failed to pay the amount due under the Crude Oil Agreement. *Id.* at 9.

Based on the foregoing, Wade Farms filed a Complaint against C2M in Calloway Circuit Court alleging two counts of breach of contract and one count of unjust enrichment. *Id.* at 10–12. C2M removed to this Court on the basis of diversity jurisdiction. [DN 1]. Subsequently, C2M filed a partial motion to dismiss Wade Farms' unjust enrichment claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [DN 14]. The Court denied that motion. [DN 24]. Then, C2M filed an answer and counterclaims against Wade Farms, alleging two counts of breach of contract, two counts of breach of good faith and fair dealing, one count of unjust enrichment, and one count of declaratory judgment. [DN 26]. Wade Farms answered, denying the allegations in C2M's counterclaims. [DN 28].

About six months after C2M filed its answer and counterclaims, C2M's counsel moved to withdraw, [DN 32], and the Court granted that motion. [DN 41]. In granting C2M's counsel's motion to withdraw, the Court also ordered C2M thirty (30) days to retain new counsel. *Id.* at 3. The Court issued service of its Memorandum Opinion & Order, [DN 41], to C2M at all known addresses and email addresses. *Id.* at 4. However, C2M did not comply with the Court's order to retain new counsel. In fact, C2M has become unresponsive, and it has not attempted to contact the Court, participate in telephonic proceedings, or otherwise defend the claims against it or prosecute its counterclaims. [*See* DN 49].

Accordingly, Wade Farms has moved the Court for entry of default, default judgment, and dismissal of C2M's counterclaims. [DN 47]. Wade Farms argues that it is entitled to default and

2

default judgment for the sum certain pled in Wade Farms' Complaint because C2M has failed to comply with the Court's Order [DN 41] to retain new counsel, and because the Sixth Circuit does not allow an LLC to proceed without counsel. [DN 47 at 1-2]. Wade Farms cites Federal Rules of Civil Procedure 16(f)(1) and 37(b)(2)(A) as grounds for its entitlement to entry of default and default judgment. *Id.*

Wade Farms argues that default judgment is appropriate because C2M has not attempted to retain substitute counsel or informed the Court of its efforts to obtain substitute counsel. [DN 47 at 7]. Further, Wade Farms states, "although this Court has found that, 'generally, this sanction [of default judgment] is not available unless the conduct of the complaining party was done willfully, maliciously, or in bad faith,' C2M's failure to retain new counsel cannot be described as anything but willful, continued, and unreasonable." *Id.* (citing *Baze v. Parker,* No. 5:11CV-P83-R, 2013 WL 1932841, at *2 (W.D. Ky. May 8, 2013)) (brackets in original). Wade Farms also argues that C2M cannot proceed without counsel as a matter of rule, and Wade Farms should not have to spend time and money litigating an action in which C2M will not participate. *Id.* at 5-6. Wade Farms further argues that other courts have entered default judgment where a party has failed to retain new counsel. *Id.* at 6.

Wade Farms also argues that C2M's counterclaims against it should be dismissed under Rule 16(f)(1)(C) and Rule 37(b)(2)(A)(iii), (v). *Id.* at 7. As grounds for such dismissal, Wade Farms asserts that the Court is authorized to strike pleadings or dismiss actions, in whole or in part, where a party fails to comply with a pretrial order. *Id.* Wade Farms argues that because here, C2M willfully disobeyed the Court's order to retain new counsel, it has failed to comply with a court order under Rule 16(f)(1)(c) and the appropriate sanction is striking the counterclaims and dismissing them. *Id.* Wade Farms further contends that C2M's counterclaims should be dismissed

3

because "[c]ase law in the Sixth Circuit . . . is replete 'that a corporation cannot appear in federal court except through an attorney.'" *Id.* at 7-8 (citations omitted). Thus, Wade Farms argues that because C2M cannot proceed without counsel, and because C2M has failed to retain new counsel, C2M's counterclaims must be dismissed. *Id.*

C2M has not responded to Wade Farms's Motion, [DN 47]. The motion has now been pending on the Court's docket for about two months.

## II. Standards

Federal Rule of Civil Procedure 16(f) provides:

> (1) In General. On motion or on its own, the court may issue any just orders, ***including those authorized by Rule 37(b)(2)(A)(ii)-(vii)***, if a party or its attorney:
>
>> (A) fails to appear at a scheduling or other pretrial conference;
>>
>> (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
>>
>> (C) fails to obey a scheduling or other pretrial order.
>
> (2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f) (emphasis added). Further, Rule 37(b)(2)(A) provides:

> If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>
>> (iii) striking pleadings in whole or in part;

>  (iv) staying further proceedings until the order is obeyed;
>
>  (v) dismissing the action or proceeding in whole or in part;
>
>  (vi) rendering a default judgment against the disobedient party; or
>
>  (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Thus, and as is relevant here, Rule 16(f) provides that when a party fails to appear at a pretrial conference or fails to obey a pretrial order, the Court may render a default judgment against the disobedient party, or dismiss the action in whole or in part, or both. Fed. R. Civ. P. 16(f); 37(b)(2)(A); *see Prime Rate Premium Fin. Corp., Inc., v. Larson*, 930 F.3d 759, 767 (6th Cir. 2019) (citations omitted) ("District courts have tools 'to penalize' those who violate their rules . . . Rule 16(f) authorizes courts to issue 'just orders,' including the sanctions listed in Rule 37(b), for failure to follow a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(C). These sanctions 'may include' 'rendering a default judgment.'").

This Court has previously treated default judgment pursuant to Federal Rules of Civil Procedure 16(f) and 37(b) differently than default judgment under Rule 55. *United Parcel Serv. Co. v. DNJ Logistic Group, Inc.*, No. 3:16-CV-00609-GNS-RSE, 2019 WL 5579553, n. 5 (W.D. Ky. June 6, 2019), *report and recommendation adopted by* 2019 WL 5586542 (W.D. Ky. July 2, 2019). In *United Parcel Service*, this Court endorsed the view that entry of default need not be entered under Rule 55(a) as a prerequisite to the Court's entry of default judgment when such default judgment is imposed as a sanction under Rules 16(f) and 37(b). *Id.* (citing *Colston v. Cramer*, No. 07-CV-12726, 2008 WL 559579, at *1 (E.D. Mich. Feb. 26, 2008)). As explained by the United States District Court for the Western District of Michigan, district courts have the authority to enter default judgment as a sanction for failure to appear under Rule 16 apart from

their authority to enter default judgment under Rule 55(b)(2). *United States Sec. & Exch. Comm'n v. Abernathy*, No. 1:11–CV–580, 2012 WL 4589453, at *3 (W.D. Mich. Oct. 2, 2012); *but see HMP Auto. Consultants, LLC v. Pierce Prop. Group, LLC*, NO. 5:17-CV-226-KKC, 2018 WL 2050135, at *2 (E.D. Ky. May 2, 2018) (applying two-step process of (1) entry of default and (2) issuance of default judgment where defendant's failure to defend and noncompliance with court orders warranted "entry of default as a sanction under Rule 16(f)(1)(c) and for otherwise failing to defend under Rule 55(a)"). As elaborated upon further below, the Court will follow *United States Parcel* in declining to require entry of default as a prerequisite to entry of default judgment where default judgment is entered as a sanction under Rules 16(f) and 37(b).

To determine whether entering default judgment and dismissing C2M's counterclaims are appropriate sanctions for C2M's failure participate to comply with the Court's order to retain new counsel, the Court considers four factors, as articulated by the Sixth Circuit in *KCI USA, Inc. v. Healthcare Essentials, Inc.*, 801 F. App'x 928, 934 (6th Cir. 2020):

> The remaining issue is whether default judgment was an appropriate sanction . . . [c]ourts consider four factors in this analysis:
>
> 1) whether the disobedient party acted in willful bad faith;
>
> 2) whether the opposing party suffered prejudice;
>
> 3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and
>
> 4) whether less drastic sanctions were imposed or considered.

*Id.* (citing *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008)). "[N]o one factor in this analysis is outcome determinative." *Marietta Health Care Physicians, Inc., v. Yoak*, No. 2:19-cv-5626, 2021 WL 1310335, at *3 (S.D. Ohio Apr. 8, 2021) (citing *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008)). Moreover, because "the entry of a

default judgment against a defendant or an order of dismissal . . . are the court's strongest weapons," courts should not impose these sanctions lightly. *United Parcel Serv.*, 2019 WL 5579553, at *3-4 (citing *Grange*, 270 F. App'x at 376; *Brown v. Sneed*, No. 09-392-GFVT, 2011 WL 3567469, at *4 (E.D. Ky. Aug. 15, 2011); *Rishell v. Standard Life Ins. Co.*, No. 1:08-cv-1198, 2009 WL 395884, at *7 (W.D. Mich. Feb. 13, 2009)). As this Court has previously stated, "[o]rdering default to sanction a party to the litigation is usually reserved for situations akin to contempt of court or other abusive practices." *Baze v. Parker*, No. 5:11CV–P83–R, 2013 WL 1932841, at *2 (W.D. Ky. May 8, 2013) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980)).

### III.   Discussion

C2M has clearly violated this Court's order to retain new counsel in the time frame specified. [*See* DN 41 (ordering C2M to retain new counsel within thirty (30) days)]. As the Sixth Circuit has stated, "a corporation must be represented in court by an attorney and may not be represented by an officer." *Harris v. Akron Dep't of Pub. Health*, 10 Fed. App'x 316, 319 (6th Cir. 2001) (citing *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984); *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970)); *see also United Parcel Serv.*, 2019 WL 5579553, n. 2 (collecting cases). "This principle applies with equal force to a limited liability company." *LeMaster v. Powell*, No. 7:17-CV-66-REW-EBA, 2020 WL 1876332, at *3 (E.D. Ky. Apr. 15, 2020) (citations omitted); see also *Polston v. Millennium Outdoors, LLC*, NO. 6:16-CV-16-KKC, 2017 WL 878230, at *3 (E.D. Ky. Mar. 6, 2017) (citations omitted). Now, more than three months since ordering C2M to retain new counsel within thirty days, C2M has failed to retain new counsel. Further, C2M did not participate in the Court's telephonic conference on March 1, 2021. [See DN 49]. Further still, C2M has not responded to Wade Farms's motion for entry of default, default

7

judgment, and dismissal of C2M's counterclaims. [*See* DN 47; *see also* Docket Sheet]. In short, C2M has violated this Court's previous order, [DN 41], and is neither defending the claims against it nor prosecuting its own counterclaims.

Despite any willful bad faith on the part of C2M or prejudice suffered by Wade Farms, the Court will deny Wade Farms's motion for entry of default judgment and dismissal of C2M's counterclaims at this time because C2M has not been afforded sufficient notice that its failure to cooperate will result in such sanctions. *United Parcel Serv.*, 2019 WL 5579553, at *6 (citing *Peltz v. Moretti*, 292 Fed. App'x 475, 480 (6th Cir. 2008); *Freeland v. Amigo*, 103 F.3d 1271, 1279–80 (6th Cir. 1997); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)) (noting that the Sixth Circuit has urged clear notice about potential imposition of sanctions and that courts are generally reluctant to impose sanctions under Rule 37 without warning that "further non-compliance would result in dismissal"). Accordingly, instead of entering default judgment or dismissing C2M's counterclaims at this juncture, the Court finds it more appropriate to first impose the less drastic measure of a show cause order.

**IV.  Conclusion**

1. Wade Farms's Motion for Entry of Default [DN 47] is **DENIED AS MOOT**.[1]

2. Wade Farms's Motion for Default Judgment [DN 47] is **DENIED WITHOUT PREJUDICE**.

3. Wade Farms's Motion for Dismissal of C2M's counterclaims [DN 47] is **DENIED WITHOUT PREJUDICE**.

4. The Court will enter a Show Cause Order contemporaneous to this Memorandum Opinion and Order requiring C2M to show cause as to why this Court should not render default judgment against it and dismiss its counterclaims with prejudice.[2]

5. This matter is set for a telephonic status conference on **June 16, 2021 at 1:30 PM CST**. Counsel and parties must call 1-877-848-7030 then give the Access Code 2523122 and #, then when prompted, press # again to join the call.

**IT IS SO ORDERED**.

Thomas B. Russell, Senior Judge
United States District Court

May 10, 2021

---

[1] For the reasons explained above, Wade Farms need not reapply for entry of default upon any renewal of its motions for default judgment against C2M and dismissal of C2M's counterclaims.

[2] Wade Farms asks the Court to grant C2M only a brief period to respond if the Court finds notice to C2M necessary before entering default judgment. [DN 47 at 8]. Wade Farms suggests a period of ten (10) days. *Id.* The Court finds a twenty-one (21) day period to respond more appropriate, as will be reflected in the Court's contemporaneously entered Show Cause Order.

Case 5:19-cv-00124-TBR-LLK   Document 52   Filed 05/11/21   Page 10 of 10 PageID #: 283

cc: counsel

Nick Davitian, Esq.
General Counsel, Ceed2Med LLC
nick@davitianlaw.com

Nick Davitian, Esq.
General Counsel, Ceed2Med LLC
nick@ceed2med.com

Nick Davitian, Esq.
General Counsel, Ceed2Med LLC
95 NE 4th Ave.
Delray Beach, FL 33483

Jamie Goldstein
Principal, Ceed2Med, LLC
jamie@ceed2med.com

Ceed2Med, LLC
info@ceed2med.com

Ceed2Med, LLC
121 Commerce Road
Boynton Beach, Florida 33426

Ceed2Med, LLC
95 NE 4th Ave
Delray Beach, FL 33483

Alejandro Johnson, Registered Agent
121 Commerce Road,
Boynton Beach, Florida 33426

Vladislav Yampolsky, Authorized Person
121 Commerce Road
Boynton Beach, Florida 33426