UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO.: 5:19-cv-124-TBR

WADE FARMS, LLC                                                    PLAINTIFF

v.

CEED2MED, LLC                                                      DEFENDANT

**MEMORANDUM OPINION & ORDER**

On May 11, 2021, this Court entered an order requiring Defendant Ceed2Med, LLC to show cause within twenty-one (21) days as to why this Court should not dismiss Ceed2Med, LLC's counterclaims with prejudice and render default judgment against Ceed2Med, LLC. [DN 53]. The Court warned that failure to comply with the order to show cause may result in dismissal of Ceed2Med, LLC's counterclaims with prejudice and entry of default judgment against Ceed2Med, LLC. *Id.* It has now been more than twenty-one (21) days since the Court entered that order, and Ceed2Med, LLC has failed to comply. For this reason, and those discussed below, the Court will now dismiss Ceed2Med, LLC's counterclaims with prejudice, enter default judgment against Ceed2Med, LLC, and require Wade Farms, LLC to submit affidavits and documentary evidence so that the Court can determine damages owed pursuant to the default judgment.

**I.  Background**

As alleged in the Complaint, on February 15, 2019, Wade Farms, LLC ("Wade Farms") and Ceed2Med, LLC ("C2M") entered a Production, Supply and Distribution Agreement (the "Isolate Agreement") pursuant to which C2M agreed to process hemp biomass supplied by Wade Farms into cannabidiol isolate. [DN 1-1 at 6]. In return, C2M agreed to accept half of the cannabidiol isolate as payment and to purchase the remaining half at a fixed price. *Id.* On February 24, 2019, Wade Farms provided 18,624 pounds of biomass for processing. *Id.* at 7. By June 12,

2019, all of the biomass had been processed into cannabidiol isolate. *Id.* However, Wade Farms claims that C2M failed to pay the amount due under the Isolate Agreement. *Id.* at 7–8.

In addition to the Isolate Agreement, the parties also entered into a Crude Oil Agreement pursuant to which C2M agreed to process hemp biomass supplied by Wade Farms into crude oil. *Id.* at 8. Again, C2M agreed to accept half of the crude oil as payment and to purchase the remaining half at the then-existing market price. *Id.* On March 7, 2019, Wade Farms supplied 447 pounds of hemp biomass which was then processed into twenty kilograms of crude oil. *Id.* However, Wade Farm claims that C2M failed to pay the amount due under the Crude Oil Agreement. *Id.* at 9.

Based on the foregoing, Wade Farms filed a Complaint against C2M in Calloway Circuit Court alleging two counts of breach of contract and one count of unjust enrichment. *Id.* at 10–12. C2M removed to this Court on the basis of diversity jurisdiction. [DN 1]. Subsequently, C2M filed a partial motion to dismiss Wade Farms' unjust enrichment claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [DN 14]. The Court denied that motion. [DN 24]. Then, C2M filed an answer and counterclaims against Wade Farms, alleging two counts of breach of contract, two counts of breach of good faith and fair dealing, one count of unjust enrichment, and one count of declaratory judgment. [DN 26]. Wade Farms answered, denying the allegations in C2M's counterclaims. [DN 28].

About six months after C2M filed its answer and counterclaims, C2M's counsel moved to withdraw, [DN 32], and the Court granted that motion. [DN 41]. In granting C2M's counsel's motion to withdraw, the Court also ordered C2M thirty (30) days to retain new counsel. *Id.* at 3. The Court issued service of its Memorandum Opinion & Order, [DN 41], to C2M at all known addresses and email addresses. *Id.* at 4. However, C2M did not comply with the Court's order to

retain new counsel. C2M has become unresponsive, and it has not attempted to contact the Court, comply with court orders, participate in telephonic proceedings, or otherwise defend the claims against it or prosecute its counterclaims. [See DN 49].

Wade Farms earlier moved the Court for entry of default, default judgment, and dismissal of C2M's counterclaims. [DN 47]. Wade Farms argued that it was entitled to default and default judgment for the sum certain pled in Wade Farms' Complaint because C2M failed to comply with the Court's Order [DN 41] to retain new counsel, and because the Sixth Circuit does not allow an LLC to proceed without counsel. [DN 47 at 1-2]. The Court recognized that C2M had clearly violated the Court's order to retain new counsel, but denied Wade Farms's motions for entry of default judgment and dismissal of C2M's counterclaims upon finding that C2M had not been afforded sufficient notice that its failure to cooperate would result in dismissal. [DN 52]. Contemporaneously, the Court entered an order requiring C2M to show cause within twenty-one (21) days as to why this Court should not dismiss Ceed2Med, LLC's counterclaims with prejudice and render default judgment against Ceed2Med, LLC. [DN 53]. C2M did not comply.

## II. Standards

Federal Rule of Civil Procedure 16(f) provides:

(1) In General. On motion or on its own, the court may issue any just orders, *including those authorized by Rule 37(b)(2)(A)(ii)-(vii)*, if a party or its attorney:

    (A) fails to appear at a scheduling or other pretrial conference;

    (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or

    (C) fails to obey a scheduling or other pretrial order.

(2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses-- including attorney's fees--incurred because of any noncompliance with this rule,

unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f) (emphasis added). Further, Rule 37(b)(2)(A) provides:

If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Thus, and as is relevant here, Rule 16(f) provides that when a party fails to appear at a pretrial conference or fails to obey a pretrial order, the Court may render a default judgment against the disobedient party, or dismiss the action in whole or in part, or both. Fed. R. Civ. P. 16(f); 37(b)(2)(A); *see Prime Rate Premium Fin. Corp., Inc., v. Larson*, 930 F.3d 759, 767 (6th Cir. 2019) (citations omitted) ("District courts have tools 'to penalize' those who violate their rules . . . Rule 16(f) authorizes courts to issue 'just orders,' including the sanctions listed in Rule 37(b), for failure to follow a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(C). These sanctions 'may include' 'rendering a default judgment.'").

This Court has previously treated default judgment pursuant to Federal Rules of Civil Procedure 16(f) and 37(b) slightly differently than default judgment under Rule 55. *United Parcel*

*Serv. Co. v. DNJ Logistic Group, Inc.*, No. 3:16-CV-00609-GNS-RSE, 2019 WL 5579553, n. 5 (W.D. Ky. June 6, 2019), *report and recommendation adopted by* 2019 WL 5586542 (W.D. Ky. July 2, 2019). In *United Parcel Service*, this Court endorsed the view that entry of default need not be entered under Rule 55(a) as a prerequisite to the Court's entry of default judgment when such default judgment is imposed as a sanction under Rules 16(f) and 37(b). *Id.* (citing *Colston v. Cramer*, No. 07-CV-12726, 2008 WL 559579, at *1 (E.D. Mich. Feb. 26, 2008)). As explained by the United States District Court for the Western District of Michigan, district courts have the authority to enter default judgment as a sanction for failure to appear under Rule 16 apart from their authority to enter default judgment under Rule 55(b)(2). *United States Sec. & Exch. Comm'n v. Abernathy*, No. 1:11–CV–580, 2012 WL 4589453, at *3 (W.D. Mich. Oct. 2, 2012); *but see HMP Auto. Consultants, LLC v. Pierce Prop. Group, LLC*, NO. 5:17-CV-226-KKC, 2018 WL 2050135, at *2 (E.D. Ky. May 2, 2018) (applying two-step process of (1) entry of default and (2) issuance of default judgment where defendant's failure to defend and noncompliance with court orders warranted "entry of default as a sanction under Rule 16(f)(1)(c) and for otherwise failing to defend under Rule 55(a)"). The Court follows *United States Parcel* in declining to require entry of default as a prerequisite to entry of default judgment where default judgment is entered as a sanction under Rules 16(f) and 37(b). [*See* DN 52].

"'[A] district court may sua sponte enter default judgment' against a defendant, particularly where that defendant . . . failed to appear at a court proceeding or comply with court orders." N.Y. Life Ins. Co. v. Baker, No. 2:20-cv-2577, 2021 WL 640412, at *2 (S.D. Ohio Jan. 4, 2021) (citing *Turner v. Whitehorn*, 205 F.3d 1342 (6th Cir. 1999); *Metro. Life Ins. Co. v. Kent*, No. 07-11091, 2008 WL 302372, at *5 (E.D. Mich. Feb. 4, 2008)). Further, the plain language of Rule 16(f) makes clear that a court may "on its own" impose sanctions authorized by Rule 37(b)(2)(A). Fed.

R. Civ. P. 16(f). To determine whether entering default judgment and dismissing C2M's counterclaims are appropriate sanctions for C2M's failure to participate and comply with the Court's order to retain new counsel, the Court considers four factors, articulated by the Sixth Circuit in *KCI USA, Inc. v. Healthcare Essentials, Inc.*, 801 F. App'x 928, 934 (6th Cir. 2020):

> The remaining issue is whether default judgment was an appropriate sanction . . . [c]ourts consider four factors in this analysis:
>
> 1) whether the disobedient party acted in willful bad faith;
>
> 2) whether the opposing party suffered prejudice;
>
> 3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and
>
> 4) whether less drastic sanctions were imposed or considered.

*Id.* (citing *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008)). "[N]o one factor in this analysis is outcome determinative." *Marietta Health Care Physicians, Inc., v. Yoak*, No. 2:19-cv-5626, 2021 WL 1310335, at *3 (S.D. Ohio Apr. 8, 2021) (citing *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008)). Moreover, because "the entry of a default judgment against a defendant or an order of dismissal . . . are the court's strongest weapons," courts should not impose these sanctions lightly. *United Parcel Serv.*, 2019 WL 5579553, at *3-4 (citing *Grange*, 270 F. App'x at 376; *Brown v. Sneed*, No. 09-392-GFVT, 2011 WL 3567469, at *4 (E.D. Ky. Aug. 15, 2011); *Rishell v. Standard Life Ins. Co.*, No. 1:08-cv-1198, 2009 WL 395884, at *7 (W.D. Mich. Feb. 13, 2009)). As this Court has previously stated, "[o]rdering default to sanction a party to the litigation is usually reserved for situations akin to contempt of court or other abusive practices." *Baze v. Parker*, No. 5:11CV–P83–R, 2013 WL 1932841, at *2 (W.D. Ky. May 8, 2013) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980)).

Furthermore, "a corporation must be represented in court by an attorney and may not be represented by an officer." *Harris v. Akron Dep't of Pub. Health*, 10 Fed. App'x 316, 319 (6th Cir. 2001) (citing *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984); *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970)); *see also United Parcel Serv.*, 2019 WL 5579553, n. 2 (collecting cases). "This principle applies with equal force to a limited liability company." *LeMaster v. Powell*, No. 7:17-CV-66-REW-EBA, 2020 WL 1876332, at *3 (E.D. Ky. Apr. 15, 2020) (citations omitted); *see also Polston v. Millennium Outdoors, LLC*, NO. 6:16-CV-16-KKC, 2017 WL 878230, at *3 (E.D. Ky. Mar. 6, 2017) (citations omitted).

## III. Discussion

C2M is still without counsel, has not complied with the Court's orders to retain new counsel or to show cause as to why the Court should not enter default judgment and dismiss its counterclaims, and is generally failing to defend the claims against it or prosecute its counterclaims. The Court finds these actions sanctionable under Rule 16(f) and subject to the sanctions listed in Rule 37(b)(2)(A). Further, the Court finds that entry of default judgment and dismissal of C2M's counterclaims is warranted.

As to the first of the factors articulated in *KCI USA, Inc.*—"whether the disobedient party acted in willful bad faith—the Court finds that C2M has acted in bad faith. Its failure to comply with Court orders or even contact the Court despite the Court's serving docket filings on C2M at every known address is clearly willful bad faith. *KCI USA, Inc.*, 801 F. App'x at 934 (citations omitted). As to the second factor, the Court finds that Wade Farms is suffering prejudice in having to prosecute an action in which the opposing party will not participate. *Id.* As to the third factor of whether the Court warned C2M that its failure to cooperate could result in default judgment, the Court has provided such warning and given C2M ample time to respond. *Id.*; [*See* DN 53 ("Failure

to comply with this order may result in dismissal of Ceed2Med, LLC's counterclaims with prejudice and entry of default judgment against Ceed2Med, LLC.")]. Finally, as to whether less drastic sanctions were imposed or considered, the Court did utilize the less drastic sanction of a show cause order. *KCI USA, Inc.*, 801 F. App'x at 934 (citations omitted); [DN 53]. Moreover, it is evident that after months of unresponsiveness and disobedience, nothing short of default judgment will resolve this action. Accordingly, the Court will enter default judgment and dismiss C2M's counterclaims.

## IV. Damages

In its Motion for Entry of Default and Default Judgment and to Dismiss Counterclaims, Wade Farms asked the Court to enter judgment in the amount of $634,500, plus taxable costs pursuant to Fed. R. Civ. P. 54(d)(1). [DN 47 at 6, 8]. Fed. R. Civ. P. 55(b)(2) permits the Court to conduct a hearing to determine the amount of damages, in its discretion, to enter or effectuate a default judgment. *See West Stone Works Co., Inc. v. Wilson's Funeral Home*, No. 2:21-cv-02103-TLP-tmp, 2021 WL 2324505, at *3 (W.D. Tenn. June 7, 2021) (quoting *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009)) ("But '[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true.' . . . the Court has to 'conduct an inquiry . . . to ascertain the amount of damages with reasonable certainty.'"). "However, a hearing is unnecessary if the evidence submitted is sufficient to support the damages request, or if the amount claimed may be discerned from definite figures in documentary evidence or affidavits." *Trs. of Plumbers Local 98 Defined Benefit Pension Fund, et al., v. Ward*, No. 20-cv-12665, 2021 WL 2389726, at *2 (E.D. Mich. June 11, 2021) (citing *McIntosh v. Check Resolution Serv., Inc.*, No. 10–14895, 2011 WL 1595150, at *4 (E.D. Mich. April 27, 2011)). Here, the Court finds it appropriate that Wade Farms submit

appropriate documentary evidence and affidavits such that the Court can determine to a reasonable degree of certainty the damages for which C2M shall be held liable pursuant to the default judgment. Thus, Wade Farms is ordered to submit appropriate affidavits and documentary evidence regarding damages within fourteen (14) days of entry of this order.

## V. Conclusion

1. C2M's counterclaims are **DISMISSED** with prejudice.

2. Contemporaneous to this Memorandum Opinion & Order, the Court will enter default judgment in favor of Wade Farms. Damages owed pursuant to the default judgment will be determined by the Court upon review of appropriate affidavits and documentary evidence submitted by Wade Farms unless further information is needed.

3. Wade Farms is **ORDERED** to submit appropriate affidavits and documentary evidence demonstrating the damages it is owed within fourteen (14) days of entry of this order.

**IT IS SO ORDERED**.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

June 18, 2021

cc: counsel

Nick Davitian, Esq.
General Counsel, Ceed2Med LLC
nick@davitianlaw.com

Nick Davitian, Esq.
General Counsel, Ceed2Med LLC
nick@ceed2med.com

Nick Davitian, Esq.
General Counsel, Ceed2Med LLC
95 NE 4th Ave.
Delray Beach, FL 33483

Jamie Goldstein
Principal, Ceed2Med, LLC
jamie@ceed2med.com

Ceed2Med, LLC
info@ceed2med.com

Ceed2Med, LLC
121 Commerce Road
Boynton Beach, Florida 33426

Ceed2Med, LLC
95 NE 4th Ave
Delray Beach, FL 33483

Alejandro Johnson, Registered Agent
121 Commerce Road,
Boynton Beach, Florida 33426

Vladislav Yampolsky, Authorized Person
121 Commerce Road
Boynton Beach, Florida 33426